**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| **GERALD TRAINOR** | * | |
| | * | |
| *Plaintiff/Counter-Defendant*, | * | Civil Action No. 23-CV-00881-JRR |
| | * | |
| v. | * | |
| | * | |
| **MARK GLAGOLA, et al.** | * | |
| | * | |
| *Defendant/Counter-Plaintiff* | * | |

*********************************************************************

| | |
|---|---|
| v. | * |
| | * |
| **TRANSWESTERN DEVELOPMENT** | * |
| **COMPANY, LLC** | * |
| | * |
| *Cross-Defendants* | * |

*********************************************************************

| | |
|---|---|
| **MARK GLAGOLA** | * |
| | * |
| *Counterclaim Plaintiff* | * |
| | * |
| v. | * |
| | * |
| **TDC LOGISTICS COMPANY, LLC f/k/a** | * |
| **RIDGE DEVELOPMENT** | * |
| **COMPANY, LLC, et al** | * |
| | * |
| *Counterclaim Defendants* | * |

*********************************************************************

## ANSWER TO COUNTERCLAIM

Plaintiff/Counter-Defendant, Gerald Trainor ("Trainor"), by and through his undersigned counsel, hereby Answers Defendant/Counter-Plaintiff Mark Glagola's ("Glagola") Counterclaim, and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

3. Trainor lacks sufficient knowledge to admit or deny the allegation in Paragraph 3 of the Counterclaim.

4. Trainor lacks sufficient knowledge to admit or deny the allegation in the first sentence of Paragraph 4 of the Counterclaim. With respect to the remaining allegations in Paragraph 4, Mr. Trainor acknowledges that Glagola purports to proceed pursuant to various Federal Rules of Civil Procedure, but denies the remaining allegations in subsections (1) and (2), and (3) of Paragraph 4 of the Counterclaim.

5. Trainor lacks sufficient knowledge to admit or deny the allegation in the first sentence of Paragraph 5 of the Counterclaim. With respect to the remaining allegations in Paragraph 5, Trainor acknowledges that Glagola purports to proceed pursuant to various Federal Rules of Civil Procedure, but denies the remaining allegations in subsections (1) and (2), and (3) of Paragraph 5 of the Counterclaim.

6. Paragraph 6 of the Counterclaim contains a statement of law that requires no response. To the extent a response is required, however, Trainor is without sufficient knowledge to admit or deny the citizenship and principal offices of the various corporate entities identified in this Paragraph.

7. Paragraph 7 of the Counterclaim contains a statement of law that requires no response. To the extent a response is required, however, Trainor does not deny that this Court has personal jurisdiction over him. The remainder of the allegations in Paragraph 7 are directed to other parties and thus, no further answer is required by Trainor.

8. Paragraph 8 of the Counterclaim contains a statement of law that requires no response. To the extent a response is required, however, Trainor does not deny that this Court is the proper venue for the present dispute.

## FACTS COMMON TO ALL COUNTS

9. Paragraph 9 contains conclusions of law (for example, that Glagola was an "independent contractor") to which no response is required. Trainor is without sufficient knowledge to admit or deny Glagola's allegations about the existence or terms of his contractual relationship with TCS, and to the extent that Paragraph 9 purports to quote from or summarize the terms of any agreements between Glagola and TCS, Trainor states that those documents speak for themselves and that no answer is required. To the extent that any allegations in this Paragraph 9 require a response, however, Trainor denies them.

10. In response to the allegations in Paragraph 10 of the Counterclaim, Trainor admits that he was an independent contractor for TCS during the time that Glagola was an independent contractor for TCS. The remaining allegations in Paragraph 10 are denied.

11. In response to the allegations in Paragraph 11 of the Counterclaim, Trainor states that the terms of Section 4(b) of Glagola's 2019 Independent Contractor Agreement speak for themselves. To the extent any further answer is required, however, Trainor denies the allegations in Paragraph 11.

12. In response to the allegations in Paragraph 12 of the Counterclaim, Trainor states that the terms of Exhibit A of Glagola's 2019 Independent Contractor Agreement speak for themselves. To the extent any further answer is required, however, Trainor denies the allegations in Paragraph 12.

13. Trainor denies the allegations in Paragraph 13 because they are unclear when referring to the "initial agreement" and furthermore, because Paragraph 13 misrepresents the terms of Trainor's and Glagola's agreement to operate together as Mid-Atlantic Capital Markets Group.

14. Denied.

15. Denied.

16. In response to the allegations in Paragraph 16 of the Counterclaim, Trainor states that the terms of Exhibit A of Glagola's 2019 Independent Contractor Agreement speak for themselves. To the extent any further answer is required, however, Trainor denies the allegations in Paragraph 16.

17. Trainor admits that he and Glagola reduced their arrangement to writing and that Exhibit 1 to Trainor's Complaint was one such written agreement, that there are additional written agreements between them, and that on certain occasions, he and Glagola agreed in writing to specific exceptions to their arrangements, but not verbally. Trainor denies the remainder of the allegations in Paragraph 17 of the Counterclaim.

18. Denied.

19. Denied.

20. In response to the allegations in Paragraph 20 of the Counterclaim, Trainor states that the terms of Exhibit A of Glagola's 2019 Independent Contractor Agreement speak for themselves. Trainor is without sufficient knowledge to admit or deny the characterization regarding what other brokers did, or what was "common" among brokers, and denies all remaining allegations in Paragraph 20 of the Counterclaim.

21. Admitted.

22. Trainor is without sufficient knowledge to admit or deny what Glagola would request from or be offered by the TDC Companies, or what would be issued to Glagola "in most cases." Trainor admits that there were occasions in which Glagola (and Trainor) were offered opportunities as accredited investors to invest by purchasing equity in a project, and that he

and Glagola agreed not to share in the proceeds from these equity investments. Trainor denies all remaining allegations in Paragraph 22 of the Counterclaim. Trainor states that the securities requirements described in Footnotes 3 and 4 of the Counterclaim are legal conclusions to which no response is required.

23. Trainor denies the allegations in Paragraph 23, as they are subject to different interpretations, some of which would be inaccurate.

24. Trainor admits the allegations in the first sentence of Paragraph 24 of the Counterclaim and generally admits that CalSTRS agreed to put up 100% of the equity in the Penn Commerce project, with the TDC Companies receiving a developer fee and project success bonus at certain milestones, and further acknowledges that the TDC Companies and CalSTRS also joined in the Condor Project. Trainor denies the remaining allegations in Paragraph 24, include the implication that he did not participate in securing the funding for the Penn Commerce project.

25. Trainor admits that a commission on the Penn Commerce project was paid in accordance with the agreement between he and Glagola but denies the computations in Paragraph 25 of the Counterclaim because they are inaccurate.

26. Trainor is without sufficient knowledge to admit or deny the allegations in Paragraph 26 of the Counterclaim concerning the timing and nature of any discussions or agreements between Glagola and the TDC Companies. Trainor admits that there was no opportunity for equity investment in the Penn Commerce project because CalSTRS was funding 100% of the equity for the project. Any remaining allegations in Paragraph 26 that require a response are denied.

27. Trainor is without sufficient knowledge to admit or deny the allegations in Paragraph 27 of the Counterclaim regarding discussions between Glagola and the TDC Companies, or any alleged action or inaction by the TDC Companies. Trainor denies the allegations in the last sentence of Paragraph 27.

28. Trainor is without sufficient knowledge to admit or deny the allegations in Paragraph 28 of the Counterclaim concerning the timing and nature of any discussions or agreements between Glagola and the TDC Companies. Trainor is aware of the May 29, 2019 Agreement, having learned about it in early 2023. The terms of the May 29, 2019 Agreement speak for themselves.

29. Trainor admits that there is a Termination Agreement between Glagola and TCS from September 2020, and that by September of 2020 he and Glagola had terminated their ongoing relationship. Trainor denies the remaining allegations in Paragraph 29 of the Counterclaim, and as alleged in the Complaint, Glagola concealed the May 29, 2019 Agreement from Trainor.

30. Trainor is without sufficient knowledge to admit or deny the allegations in Paragraph 30 of the Counterclaim.

31. Admitted.

32. Trainor is without sufficient knowledge to admit or deny the allegations in Paragraph 32 of the Counterclaim.

33. Trainor states that the Court's July 22, 2022, Memorandum Opinion and Order speaks for itself and thus, no response to Paragraph 33 is required.

34. Admitted.

# COUNT I – DECLARATORY JUDGMENT
## (Against Trainor, TDC, TDC Logistics and TCS)

35. Trainor incorporates by reference his answers to Paragraphs 1-34 of the Counterclaim as if set forth fully herein.

36. Paragraph 36 of the Counterclaim purports to summarize the nature of and relief requested by Count I of the Counterclaim and thus, requires no response except to state that Trainor denies that Glagola is entitled to any of the relief that he demands in Count I.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Trainor denies all allegations in Paragraph 45 with the exception of the assertion that TCS has waived its rights, to which Trainor responds that this is an allegation that pertains only to TCS to which a response from him is not required.

46. Denied.

47. Trainor states that the allegations in Paragraph 47 of the Complaint contain allegations that are directed exclusively to TCS and, therefore, no response from him is required. Any allegations in Paragraph 26 that do require a response by Trainer, however, are denied.

48. Denied.

49. Trainor admits that a controversy exists concerning his and Glagola's rights, but otherwise denies the allegations in Paragraph 49 of the Counterclaim.

50. Denied.

WHEREFORE, Trainor respectfully requests that the Court enter judgment in his favor and against Glagola on Count I of the Counterclaim.

## COUNT II- SET OFF AND/OR RECOUPMENT (*IN THE ALTERNATIVE*)
### (Against Trainor)

51. Trainor incorporates by reference is answers to Paragraphs 1-50 of the Counterclaim as if set forth fully herein.

52. Denied.

53. Denied.

54. Denied to the extent that the allegations in Paragraph 54 of the Counterclaim imply or are intended to suggest that Trainor's accredited investments in equity opportunities are analogous or comparable to the May 29 Agreement at issue in Trainor's Complaint. All remaining allegations in Paragraph 54 are denied.

55. Paragraph 55 contains a request for relief to which no response is required. To the extent that any allegations in Paragraph 55 require a response, however, such allegations are denied.

56. Denied.

57. The statement in Paragraph 57 of the Counterclaim is one that requires no response by Trainor.

WHERFORE, Trainor respectfully requests that the Court enter judgment in his favor and against Glagola on Count II of the Counterclaim.

## COUNT III – ACCOUNTING (*IN THE ALTERNATIVE*)
### (Against Trainor)

58. Trainor incorporates by reference is answers to Paragraphs 1-57 of the Counterclaim as if set forth fully herein.

59. Denied.

60. Denied.

61. The allegation in Paragraph 61 of the Counterclaim regarding when an accounting is required is a legal conclusion to which no response is required. Trainor admits that he and Glagola were in a relationship of trust and confidence with respect to Mid-Atlantic Capital Markets Group, but denies the remaining allegations in Paragraph 61, and denies that Glagola is entitled to an accounting.

62. Denied to the extent that the allegations in Paragraph 62 of the Counterclaim imply or are intended to suggest that Trainor's accredited investments in equity opportunities are analogous or comparable to the May 29 Agreement at issue in Trainor's Complaint. All remaining allegations in Paragraph 62 are denied.

63. Paragraph 63 contains a request for relief to which no response is required. To the extent that any allegations in Paragraph 55 require a response, however, such allegations are denied.

64. Denied.

65. The statement in Paragraph 65 of the Counterclaim is one that requires no response by Trainor.

WHEREFORE, Trainor respectfully requests that the Court enter judgment in his favor and against Glagola on Count II of the Counterclaim

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

The Counterclaim fails to state a claim upon which relief can be granted.

### *Second Affirmative Defense*

Counter-Plaintiff is equitably estopped from bringing the Counterclaim against Trainor.

### *Third Affirmative Defense*

Plaintiff's Counterclaim against Trainor is barred by fraud and/or misrepresentation on the part of Counter-Plaintiff.

Trainor reserves the right to amend and supplement his Affirmative Defenses throughout the course of discovery.

WHEREFORE, for the foregoing reasons, Plaintiff/Counter-Defendant Gerald Trainor respectfully requests that this Court enter and Order dismissing the Counterclaim, entering judgment in favor of Trainor on his Complaint, and granting such other relief as the Court deems just and proper.

Date: May 18, 2023

Respectfully submitted,

/s/ *Joshua A. Glikin*
Joshua A. Glikin (Fed. Bar No. 26852)
Lauren M. Upton (Fed. Bar No. 21071)
BOWIE & JENSEN, LLC
210 W. Pennsylvania Avenue,
Suite 400
Towson, Maryland 21204
(410) 583-2400
(410) 583-2437 (Facsimile)
glikin@bowie-jensen.com
upton@bowie-jensen.com

*Attorneys for Gerald Trainor*