# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

GERALD TRAINOR      *

     Plaintiff      *

v.      *      Civil Action No.: 23-cv-00881-JRR

MARK GLAGOLA, et al.      *

     Defendants      *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MARK GLAGOLA      *

     Cross-Plaintiff      *

v.      *

TRANSWESTERN DEVELOPMENT      *
COMPANY, LLC

     *

     Cross-Defendant      *

     *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MARK GLAGOLA      *

     Cross-Claim Plaintiff      *

v.      *

TRANSWESTERN CAREY WINSTON,      *
LLC t/a Transwestern Commercial
Services, et al.      *

     Cross-Claim Defendants      *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## ANSWER

Transwestern Development Company, LLC ("TDC"), by FERGUSON, SCHETELICH AND BALLEW, P.A. and Michael K. Hourigan, its attorneys, answers the Cross-Claim of Mark Glagola ("Glagola"), and states as follows:

## DEFENSES PURSUANT TO RULE 12(b)

1.     Glagola's Cross-Claim fails to state a claim against TDC upon which relief can be granted.

## GENERAL RESPONSE

1.     TDC generally denies all allegations contained in the Cross-Claim except those allegations specifically admitted herein.

## SPECIFIC RESPONSES

### Parties, Jurisdiction and Venue

1.     TDC admits the allegations contained in Paragraph 1 of the Cross-Claim.

2.     TDC admits the allegations contained in Paragraph 2 of the Cross-Claim.

3.     TDC admits the allegations contained in Paragraph 3 of the Cross-Claim.

4.     In response to the allegations contained in Paragraph 4 of the Cross-Claim, TDC admits that TDC Logistics Company, LLC ("TDC Logistics") is a Delaware limited liability company that maintains its principal place of business in the State of Texas.  The remainder of the allegations contained in Paragraph 4 of the Cross-Claim sets forth legal conclusions that TDC is neither required to admit nor deny.  To the extent a response is deemed to be required, the allegations are denied.

5.     In response to the allegations contained in Paragraph 5 of the Cross-Claim, TDC admits that Transwestern Carey Winston, LLC t/a Transwestern ("TCW")[1] is a Delaware limited liability company.  TDC denies that TCW maintains its principal place of business in the State of Texas, and states that TCW's principal place of business is in the State of Maryland.  The remainder of the allegations contained in Paragraph 5 of the Cross-Claim set forth legal conclusions that TDC is neither required to admit nor deny.  To the extent a response is deemed to be required, the allegations are denied.

6.     In response to the allegations contained in Paragraph 6 of the Cross-Claim, TDC admits that Glagola is a citizen of Maryland and is of a different citizenship than Plaintiff/Counter-Defendant Gerald Trainor ("Trainor"), who is a resident of Virginia.  TDC further admits that the amount in controversy exceeds $75,000.  TDC further admits that TCW, TDC Logistics and TDC are Delaware entities, that TDC Logistics and TDC maintain their principal office in Texas, and that the members of TDC are citizens of Texas.  TDC denies that the members of TCW and TDC Logistics are citizens of Texas, and states that TCW's sole member is Transwestern Commercial Services, LLC, a Delaware entity, and that TDC Logistics' sole member is TDC, also a Delaware entity.  TDC denies that TCW maintains its principal office in Texas, and states that TCW maintains its principal office in Maryland.  The remainder of the allegations contained in Paragraph 6 of the Cross-Claim set forth legal conclusions that TDC is neither required to admit nor deny.  To the extent a response is deemed to be required, the allegations are denied.

---

[1] TCW does not do business as Transwestern Commercial Services as alleged in the Counterclaim.  Transwestern Commercial Services, LLC is a separate legal entity – specifically, a limited liability company organized and existing under the laws of the State of Delaware.  TCW does business simply as Transwestern.

7.      The allegations contained in Paragraph 7 of the Cross-Claim set forth legal conclusions that TDC is neither required to admit nor deny.  To the extent a response is deemed to be required, the allegations are admitted.

8.      The allegations contained in Paragraph 8 of the Cross-Claim set forth legal conclusions that TDC is neither required to admit nor deny.  To the extent a response is deemed to be required, the allegations are admitted.

### Facts Common to All Counts

9.      In response to the allegations contained in Paragraph 9 of the Cross-Claim, TDC admits that Glagola worked as an independent contractor for TCW, and that the referenced agreements speak for themselves.

10.      In response to the allegations contained in Paragraph 10 of the Cross-Claim, TDC admits that Trainor worked as an independent contractor for TCW, and that the terms of the agreements between Trainor and TCW speak for themselves.

11.      In response to the allegations contained in Paragraph 11 of the Cross-Claim, TDC admits that TCW and Glagola entered into the Qualified Real Estate Agent Agreement attached as Exhibit B to the Cross-Claim, and further states that the aforesaid Agreement speaks for itself.

12.      In response to the allegations contained in Paragraph 12 of the Cross-Claim, TDC admits that TCW and Glagola entered into the Qualified Real Estate Agent Agreement attached as Exhibit B to the Cross-Claim, and further states that the aforesaid Agreement speaks for itself.

13.      TDC is without sufficient information to admit or deny the allegations contained in Paragraph 13 of the Cross-Claim.

14.      TDC is without sufficient information to admit or deny the allegations contained in Paragraph 14 of the Cross-Claim.

15.     In response to the allegations contained in Paragraph 15 of the Cross-Claim, TDC states that Glagola's and Trainor's respective agreements with TCW speak for themselves.

16.     In response to the allegations contained in Paragraph 16 of the Cross-Claim, TDC admits that TCW and Glagola entered into the Qualified Real Estate Agent Agreement attached as Exhibit B to the Cross-Claim, and further states that the aforesaid Agreement speaks for itself.

17.     In response to the allegations contained in Paragraph 17 of the Cross-Claim, TDC is without sufficient information to admit or deny whether Glagola and Trainor reduced their arrangement to writing on multiple occasions, whether the 2018 Glagola/Trainer Agreement was amended in writing at least twice, whether Glagola and Trainor verbally agreed to exceptions to their arrangement on numerous occasions, and whether any and all allocations of commissions subject to Glagola's and Trainer's arrangement were communicated to TCW for each transaction. Responding further, TDC admits that Glagola and Trainor periodically communicated to TCW requested allocations of commissions, and that Glagola and Trainor eventually terminated their relationship.

18.     TDC is without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Cross-Claim.

19.     TDC is without sufficient information to admit or deny the allegations contained in Paragraph 19 of the Cross-Claim regarding the agreements between Glagola and Trainor. The remainder of the allegations contained in Paragraph 19 of the Cross-Claim sets forth legal conclusions regarding the interpretation of the agreements between Glagola and Trainor, which TDC is neither required to admit nor deny. To the extent a response is deemed to be required, the allegations are denied.

20.     In response to the allegations contained in Paragraph 20 of the Cross-Claim, TDC admits that TCW and Glagola entered into the Qualified Real Estate Agent Agreement attached as Exhibit B to the Cross-Claim, and further states that the aforesaid Agreement and any agreement between TCW and Trainor speak for themselves.

21.     In response to the allegations contained in Paragraph 21 of the Cross-Claim, TDC denies the characterization of TCW and the TDC Companies, stating further that the companies are separate legal entities with separate ownership and management.

22.     In response to the allegations contained in Paragraph 22 of the Cross-Claim, TDC admits that Glagola, in TDC's discretion, was sometimes offered the opportunity to invest in projects, and that the investments were described in private placement offerings given to accredited investors.  Responding further, TDC lacks sufficient information to admit or deny any allegations regarding the terms and conditions of the arrangement between Glagola and Trainor.  The remainder of the allegations of Paragraph 22 of the Cross-Claim constitute legal conclusions that TDC is neither required to admit or deny.  To the extent a response is deemed necessary, the allegations are denied.

23.     In response to the allegations contained in Paragraph 23 of the Cross-Claim, TDC states that the allegations constitute legal interpretations regarding the parties' respective agreements, which TDC is neither required to admit nor deny.  To the extent a response is deemed required, the allegations of Paragraph 23 are denied.

24.     In response to the allegations contained in Paragraph 24 of the Cross-Claim, TDC denies Glagola's characterization of his involvement in the CalSTRS project, and states that Glagola had no involvement with the Condor project.  Responding further, TDC admits that CalSTRS put up 100% of the equity for the development of the CalSTRS project.

25.     In response to the allegations contained in Paragraph 25 of the Cross-Claim, TDC admits that TCW earned a commission and that the commission was allocated among various persons.

26.     TDC denies the allegations contained in Paragraph 26 of the Cross-Claim.

27.     TDC denies the allegations set forth in the first two sentences of Paragraph 27 of the Cross-Claim.  TDC is without sufficient information to admit or deny the allegations set forth in the remainder of the allegations of Paragraph 27 of the Cross-Claim.

28.     TDC denies the allegations contained in Paragraph 28 of the Cross-Claim.

29.     In response to the allegations contained in Paragraph 29 of the Cross-Claim, TDC admits that Glagola and TCS terminated their relationship.  TDC is without sufficient information to admit or deny the circumstances in which Glagola and Trainor terminated their relationship, including the identification of transactions in which they would be splitting commissions.

30.     In response to the allegations contained in Paragraph 30 of the Cross-Claim, TDC denies Glagola's characterization of the referenced communications, and further states that the communications are in writing and speak for themselves.

31.     TDC admits the allegations contained in Paragraph 31 of the Cross-Claim.

32.     TDC admits the allegations contained in Paragraph 32 of the Cross-Claim.

33.     TDC admits the allegations contained in Paragraph 33 of the Cross-Claim.

34.     In response to the allegations contained in Paragraph 34 of the Cross-Claim, TDC admits that TDC and TDC Logistics noted an appeal of this Court's July 25, 2022 Order and Memorandum to the United States Court of Appeals for the Fourth Circuit.  Responding further, TDC states that, on July 26, 2023, the Fourth Circuit affirmed this Court's judgment.

## COUNT I - DECLARATORY JUDGMENT
### (Against Trainor, TDC, TDC Logistics and TCW)

35.     TDC incorporates every response to the preceding Paragraphs as set forth above.

36.     The allegations contained in Paragraph 36 of the Cross-Claim set forth the scope of Glagola's claims for relief, which TDC is neither required to admit nor deny.  To the extent a response is deemed to be required, the allegations are denied.

37.     TDC is without sufficient information to admit or deny the allegations contained in Paragraph 37 of the Cross-Claim regarding the agreements between Glagola and Trainor.  The remainder of the allegations contained in Paragraph 37 of the Cross-Claim sets forth legal conclusions regarding the interpretation of the agreements between Glagola and Trainor, which TDC is neither required to admit nor deny.  To the extent a response is deemed to be required, the allegations are denied.

38.     TDC is without sufficient information to admit or deny the allegations contained in Paragraph 38 of the Cross-Claim.

39.     The allegations contained in Paragraph 39 of the Cross-Claim sets forth legal conclusions regarding the interpretation of the agreements between Glagola and Trainor, which TDC is neither required to admit nor deny.  To the extent a response is deemed to be required, the allegations are denied.

40.     TDC is without sufficient information to admit or deny the allegations contained in Paragraph 40 of the Cross-Claim.

41.     TDC is without sufficient information to admit or deny the allegations contained in Paragraph 41 of the Cross-Claim regarding when they agreed to terminate their relationship or the impact such termination had on any agreement between them.  The remainder of the allegations contained in Paragraph 41 of the Cross-Claim sets forth legal conclusions regarding the

interpretation of the agreements between Glagola and Trainor, which TDC is neither required to admit nor deny.  To the extent a response is deemed to be required, the allegations are denied.

42.     TDC is without sufficient information to admit or deny the allegations contained in Paragraph 42 of the Cross-Claim.

43.     TDC denies the first sentence of the allegations of Paragraph 43 of the Cross-Claim.  TDC is without sufficient information to admit or deny the allegations contained in the second sentence of Paragraph 43 of the Cross-Claim.  The allegations of the third sentence of Paragraph 43 of the Cross-Claim are based on a legal interpretation of the parties' agreement, which speaks for itself.

44.     TDC is without sufficient information to admit or deny the allegations contained in Paragraph 44 of the Cross-Claim regarding the interpretation of the agreements between Trainor and Glagola.  The remainder of the allegations contained in Paragraph 44 of the Cross-Claim set forth legal conclusions regarding the interpretation of the agreements between Glagola and Trainor, which TDC is neither required to admit nor deny.  To the extent a response is deemed to be required, the allegations are denied.

45.     In response to the allegations contained in Paragraph 45 of the Cross-Claim, TDC denies that TCW has waived the right to assert an interest in the monies purportedly due to Glagola under the May 29 Agreement.  The remainder of the allegations contained in Paragraph 45 set forth legal conclusions regarding the interpretation of the agreements between Glagola and Trainor, which TDC is neither required to admit nor deny.  To the extent a response is deemed to be required, the allegations are denied.

46.     The allegations contained in Paragraph 46 of the Cross-Claim set forth legal conclusions regarding the interpretation of the parties' written agreements, which TDC is neither

required to admit nor deny. Responding further, TDC states that the referenced agreements speak for themselves.

47. The allegations contained in Paragraph 47 of the Cross-Claim set forth legal conclusions regarding the interpretation of the parties' written agreements, which TDC is neither required to admit nor deny. Responding further, TDC states that the referenced agreements speak for themselves. To the extent a response is deemed to be required, the allegations are denied

48. TDC is without sufficient information to admit or deny the allegations contained in Paragraph 48 of the Cross-Claim regarding the interpretation of the agreements between Trainor and Glagola. The remainder of the allegations contained in Paragraph 48 of the Cross-Claim set forth legal conclusions regarding the interpretation of the agreements between Glagola and Trainor, which TDC is neither required to admit nor deny. To the extent a response is deemed to be required, the allegations are denied.

49. The allegations contained in Paragraph 49 of the Cross-Claim set forth legal conclusions that TDC is neither required to admit nor deny. To the extent a response is deemed to be required, the allegations are denied.

50. The allegations contained in Paragraph 50 of the Cross-Claim set forth legal conclusions that TDC is neither required to admit nor deny. To the extent a response is deemed to be required, the allegations are denied.

## COUNT II – SET OFF AND/OR RECOUPMENT (*IN THE ALTERNATIVE*)
### (Against Trainor)

51. TDC incorporates every response to the preceding Paragraphs as set forth above.

52. TDC is without sufficient information to admit or deny the allegations contained in Paragraph 52 of the Cross-Claim regarding the agreements between Trainor and Glagola. The remainder of the allegations contained in Paragraph 52 of the Cross-Claim set forth legal

conclusions regarding the interpretation of the agreements between Glagola and Trainor, which TDC is neither required to admit nor deny. To the extent a response is deemed to be required, the allegations are denied.

53.     TDC is without sufficient information to admit or deny the allegations contained in Paragraph 53 of the Cross-Claim regarding the agreements between Trainor and Glagola. The remainder of the allegations contained in Paragraph 53 of the Cross-Claim set forth legal conclusions regarding the interpretation of the agreements between Glagola and Trainor, which TCW and TDC Logistics are neither required to admit nor deny. To the extent a response is deemed to be required, the allegations are denied.

54.     TDC is without sufficient information to admit or deny the allegations contained in Paragraph 54 of the Cross-Claim.

55.     The allegations contained in Paragraph 55 of the Cross-Claim set forth the scope of Glagola's claims for relief, which TDC is neither required to admit nor deny. To the extent a response is deemed to be required, the allegations are denied.

56.     The allegations contained in Paragraph 56 of the Cross-Claim set forth the scope of Glagola's claims for relief, which TDC is neither required to admit nor deny. To the extent a response is deemed to be required, the allegations are denied.

57.     The allegations contained in Paragraph 57 of the Cross-Claim set forth the scope of Glagola's claims for relief, which TDC is neither required to admit nor deny. To the extent a response is deemed to be required, the allegations are denied.

## COUNT III – ACCOUNTING (*IN THE ALTERNATIVE)*
### (Against Trainor)

58.     TDC incorporates every response to the preceding Paragraphs as set forth above.

59.     The allegations contained in Paragraph 59 of the Cross-Claim sets forth legal conclusions that TDC is neither required to admit nor deny.  To the extent a response is deemed to be required, the allegations are denied.

60.     TDC is without sufficient information to admit or deny the allegations contained in Paragraph 60 of the Cross-Claim.

61.     The allegations contained in Paragraph 61 of the Cross-Claim sets forth legal conclusions that TDC is neither required to admit nor deny.  To the extent a response is deemed to be required, the allegations are denied.

62.     TDC is without sufficient information to admit or deny the allegations contained in Paragraph 62 of the Cross-Claim.

63.     The allegations contained in Paragraph 63 of the Cross-Claim set forth the scope of Glagola's claims for relief, which TDC is neither required to admit nor deny.  To the extent a response is deemed to be required, the allegations are denied.

64.     The allegations contained in Paragraph 64 of the Cross-Claim sets forth legal conclusions that TDC is neither required to admit nor deny.  To the extent a response is deemed to be required, the allegations are denied.

65.     The allegations contained in Paragraph 65 of the Cross-Claim set forth the scope of Glagola's claims for relief, which TDC is neither required to admit nor deny.  To the extent a response is deemed to be required, the allegations are denied.

## **AFFIRMATIVE DEFENSES**

1.     The Cross-Claim is barred, in whole or in part, by collateral estoppel.

2.     The Cross-Claim is barred, in whole or in part, by estoppel.

3.     The Cross-Claim is barred, in whole or in part, by release.

4.      The Cross-Claim is barred, in whole or in part, by waiver.

5.      TDC reserves the right to amend and supplement its Affirmative Defenses in the course of discovery.

WHEREFORE, having fully answered Glagola's Cross-Claim, TDC respectfully prays this Honorable Court to dismiss the Cross-Claim and enter judgment for costs in favor of TDC.

FERGUSON, SCHETELICH & BALLEW, P.A.


By:      _____/s/_____

Michael K. Hourigan
Federal Bar ID No.:  25938
100 S. Charles Street, Suite 1401
Baltimore, Maryland  21201-2725
(410) 837-2200 (phone)
(410) 837-1188 (fax)
mhourigan@fsb-law.com
*Attorneys for TDC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 21st day of August, 2023, the foregoing Answer was served via CM/ECF upon all counsel of record.



Michael K. Hourigan