# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GERALD TRAINOR | * | |
| *Plaintiff/Counter-Defendant* | * | |
| v. | * | Civil Action No.: 23-cv-00881-JMC |
| MARK GLAGOLA, et al. | * | |
| *Defendants/Counter-Plaintiff* | * | |

* * * * * * * * * * * * *

| | |
|---|---|
| MARK GLAGOLA | * |
| *Cross-Plaintiff* | * |
| v. | * |
| TRANSWESTERN DEVELOPMENT COMPANY, LLC | * |
| | * |
| *Cross-Defendant* | |

* * * * * * * * * * * * *

| | |
|---|---|
| MARK GLAGOLA | * |
| *Counterclaim Plaintiff* | * |
| v. | * |
| TDC LOGISTICS COMPANY, L.L.C. f/k/a RIDGE DEVELOPMENT COMPANY, L.L.C., *et al.* | * |
| | * |
| *Counterclaim Defendants* | |

* * * * * * * * * * * * *

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM

Defendant/ Counter-Plaintiff/ Cross-Plaintiff/ Counter-Defendant, Mark Glagola ("Glagola"), by and through his attorneys, pursuant to Rule 8 and 12 of the Federal Rules of Civil Procedure, files this Answer and Affirmative Defenses to the Counterclaim (ECF No. 24) filed by

Transwestern Carey Winston LLC t/a Transwestern Commercial Services ("TCW"), and states as follows:

## GENERAL DENIAL

Glagola generally denies all wrongdoing or liability asserted in TCW's Counterclaim.

## SPECIFIC RESPONSES[1]

### Parties

1. Admitted.

2. Admitted.

3. Admitted.

### Jurisdiction and Venue

4. Paragraph 4 of TCW's Counterclaim contains a statement of law to which no response is required from Glagola. To the extent a response is required, Glagola does not dispute that this Court has personal jurisdiction over Glagola.

5. Paragraph 5 of TCW's Counterclaim contains a statement of law to which no response is required from Glagola. To the extent a response is required, Glagola does not dispute that this Court has personal jurisdiction over Trainor.

6. Paragraph 6 of TCW's Counterclaim contains a statement of law to which no response is required from Glagola. To the extent a response is required, Glagola does not dispute that this Court has jurisdiction over this matter pursuant to 28. U.S.C. Section 1332(a).

7. Paragraph 7 of TCW's Counterclaim contains a statement of law to which no response is required from Glagola. To the extent a response is required, Glagola does not dispute that venue is proper in this Court.

---

[1] The paragraph numbers in this Answer correspond to the paragraph numbers in TCW's Counterclaim.

## Factual Allegations

8. Admitted

9. Admitted.

10. Glagola denies the allegations in paragraph 10 of TCW's Counterclaim to the extent they mischaracterize or are inconsistent with the terms of the agreement between Glagola and TCW, which speaks for itself.

11. With respect to the allegations in paragraph 11 of TCW's Counterclaim, Glagola does not have personal knowledge of the specific terms of Plaintiff Gerry Trainor's ("Trainor") agreement with TCW or whether such engagement remains in effect, but states that TCW's allegations are consistent with his understanding of TCW's agreement with Trainor.

12. With respect to the allegations in paragraph 12 of TCW's Counterclaim, Glagola admits that he filed a Complaint in this Court against Transwestern Development Company, LLC ("TDC") and TDC Logistics Company, LLC ("TDC Logistics"), styled as *Glagola v. Transwestern Development Company, LLC, et al.*, Case No.: 1:21-cv-01230 (the "TDC Litigation"). Glagola does not have sufficient information to admit or deny and therefore denies the ownership structure of TDC, TDC Logistics and TCW, but he denies the allegation that TCW does not share management structures with TDC and TDC Logistics.

13. Glagola denies the allegations in paragraph 13 of TCW's Counterclaim to the extent they mischaracterize or are inconsistent with the allegations in Glagola's pleading in the TDC Litigation.

14. Admitted.

15. Admitted.

16. Admitted.

17. The allegations in paragraph 17 of TCW's Counterclaim purport to describe the allegations in Trainor's Complaint and require no response. To the extent a response is required, Glagola denies the allegations to the extent they do not accurately characterize Trainor's pleading.

18. The allegations in paragraph 18 of TCW's Counterclaim purport to describe the allegations in Trainor's Complaint and require no response. To the extent a response is required, Glagola denies the allegations to the extent they do not accurately characterize Trainor's pleading.

19. Admitted.

20. Admitted.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## COUNT I
### Declaratory Judgment

25. Glagola adopts and incorporates paragraphs 1-24 of his Answer and Affirmative Defenses to Counterclaim as if fully restated herein.

26. Paragraph 26 of TCW's Counterlcaims contains a statement of law for which no response is required and, to the extent a response is required, the allegations of paragraph 26 are denied.

27. Paragraph 27 of TCW's Counterlcaims contains a statement of law for which no response is required and, to the extent a response is required, the allegations of paragraph 27 are denied.

28. Paragraph 28 of TCW's Counterlcaims contains a statement of law for which no response is required and, to the extent a response is required, the allegations of paragraph 28 are denied.

29. Paragraph 29 of TCW's Counterlcaims contains a statement of law for which no response is required and, to the extent a response is required, the allegations of paragraph 28 are denied.

The "WHEREFORE" clause following paragraph 29 of the Counterclaim requires no response. To the extent a response is required, Glagola denies that TCW is entitled to any of the relief requested.

## COUNT II
**Breach of Contract**

30. Glagola adopts and incorporates paragraphs 1-29 of his Answer and Affirmative Defenses to Counterclaim as if fully restated herein.

31. Admitted.

32. Glagola denies the allegations in paragraph 32 of TCW's Counterclaim to the extent they mischaracterize or are inconsistent with the allegations in Glagola's pleading in the TDC Litigation.

33. Denied.

34. Denied.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

The "WHEREFORE" clause following paragraph 38 of the Counterclaim requires no

response. To the extent a response is required, Glagola denies that TCW is entitled to any of the relief requested.

## Affirmative Defenses

### *First Defense*

TCW's Counterclaim fails to state a claim upon which relief can be granted.

### *Second Defense*

TCW's claims fail because no enforceable legal contract exists between Glagola and TCW entitling TCW to receive any portion of the money paid to Glagola as a result of the judgment entered in the TDC Litigation.

### *Third Defense*

TCW's claims are barred by the doctrine of equitable estoppel.

### *Fourth Defense*

TCW's claims are barred by the doctrine of waiver.

### *Fifth Defense*

TCW's claims are barred by the doctrine of release.

### *Sixth Defense*

TCW's claims are barred by the doctrine of accord and satisfaction.

### *Seventh Defense*

TCW's claims are barred by the doctrine of unclean hands.

### *Eighth Defense*

TCW's claims are barred by the doctrine of *res judicata*.

### *Ninth Defense*

TCW's claims are barred by the doctrine of collateral estoppel.

### *Tenth Defense*

TCW's claims are barred by the doctrine of *res judicata*.

### *Adoption of Defenses*

Glagola adopts and incorporates his affirmative defenses to Plaintiff's Complaint.

### *Additional Defenses*

Glagola may have other defenses available to him of which he is not currently aware. Accordingly, Glagola reserves the right to amend his Answer to assert additional affirmative defenses in the event discovery and/or further investigation reveals such defenses.

**WHEREFORE**, for the foregoing reasons, Defendant/Counter-Plaintiff/Cross-Plaintiff/Counter-Defendant, Mark Glagola, requests that this Court enter an Order dismissing TCW's Counterclaim and granting him such other relief it deems just and proper.

Respectfully submitted,

By:   */s/ N. Tucker Meneely*
N. Tucker Meneely, Fed. Bar No. 29622
COUNCIL, BARADEL,
KOSMERL & NOLAN, P.A.
125 West Street, Fourth Floor
Annapolis, Maryland 21401
(410) 268-6600
(410) 269-8409 Fax
Meneely@CouncilBaradel.com
*Attorneys for Mark Glagola*

Dated: October 9, 2023