## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| **GERALD TRAINOR** | * | |
| | * | |
| *Plaintiff/Counter-Defendant*, | * | |
| | * | |
| v. | * | Civil Action No. 23-CV-00881-JMC |
| | * | |
| **MARK GLAGOLA, et al.** | * | |
| | * | |
| *Defendant/Counter-Plaintiff* | * | |

*******************************************************************************

| | | |
|---|---|---|
| **MARK GLAGOLA** | * | |
| | * | |
| *Third-Party Plaintiff/Crossclaim Defendant* | * | |
| | * | |
| | * | |
| v. | * | |
| | * | |
| **TRANSWESTERN CAREY WINSTON, LLC** | * | |
| | * | |
| *Third-Party Defendant/Third-Party Counter-Plaintiff/Crossclaim Plaintiff* | * | |

*******************************************************************************

### **MEMORANDUM OPINION AND ORDER**

Presently pending before the Court is Plaintiff/Counter-Defendant Trainor's ("Trainor") Motion to Amend/Correct the Complaint. (ECF No. 95). Trainor filed the present motion on October 3, 2025. *Id.* Defendant/Counter-Plaintiff Glagola ("Glagola") filed a Response in Opposition to Trainor's Motion to Amend/Correct the Complaint on October 7, 2025. (ECF No. 98). The Motion has been fully briefed, (ECF Nos. 95, 98), and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, Trainor's Motion shall be GRANTED in part and DENIED in part.

### I.  BACKGROUND

On March 31, 2023, Trainor filed the present lawsuit against Glagola and Transwestern

Development Company, LLC ("TDC")[1] (ECF No. 1). Trainor's Complaint asserts claims for a declaratory judgment pursuant to 28 U.S.C. § 2201 (Count I) and Anticipatory Breach of Contract (Count II). (ECF No. 1 at 7-8).[2] The instant case is related to a prior case brought by Defendant against TDC in 2021[3] ("*Glagola v. TDC*") for the breach of two contracts in which TDC agreed to pay Glagola 5% of the "incentive fee" earned in connection with the Penn Commerce project and 2% of its incentive fee for the Condor Project. *Id.* at 5-6. This Court granted Glagola Summary Judgment, which TDC appealed. After the Fourth Circuit affirmed this Court's Order Granting Glagola Summary Judgment, Trainor brought the above-captioned case, seeking a portion of the monies to be paid to Glagola by TDC based on a Split Agreement between Trainor and Glagola. (ECF No. 1). Under the Split Agreement in the present case, Trainor and Glagola

> agreed to split all compensation, commission, and remuneration for projects, relationships, and developments that they facilitated or otherwise brokered (whether together or through their individual efforts) as follows: 62.5% to Trainor and 37.5% to Glagola for all deals or other projects closed in 2018, and 60% to Trainor and 40% to Glagola for all deals or other projects closed in 2019

> *Id.* at 9.

When Trainor filed the Complaint, TDC had not yet paid Glagola in connection with the *Glagola v. TDC* lawsuit. (ECF No. 95 at 2). As a result, Trainor's Complaint requested a declaratory judgment "that, if Glagola were to receive payment, he was obligated to split that payment with Trainor in accordance with a 2018/2019 Split Agreement between Trainor and Glagola" and included a second count for anticipatory breach of the Split Agreement in that payment by TDC had not yet occurred. *Id.* Trainor did not assert a claim for breach of contract given that the breach

---

[1] TDC was later dismissed as a party, and Defendant joined Third-Party Defendant/Third-Party Counter-Plaintiff/Crossclaim Plaintiff Transwestern Carey Winston, LLC ("TCW"). (ECF Nos. 77, 4).
[2] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.
[3] *Glagola v. Transwestern Development Company, LLC*, et al., 1:21-cv-01230-JMC

(i.e., failing to share the TDC payment from Trainor) had not yet occurred. *Id.* Shortly thereafter, in 2023, TDC paid Glagola. *Id.* A two-day trial occurred before this Court on September 29 and 30, 2025. (ECF Nos. 90, 91). During trial, all parties agreed that TDC paid Glagola in connection with the *Glagola v. TDC* matter. Accordingly, the present Motion seeks leave to amend under Federal Rule of Civil Procedural 15(b). Fed. R. Civ. P. 15(b).

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 15(b) allows post-trial amendments when an issue has actually been raised at trial by the consent of the parties. *See* Fed. R. Civ. P. 15(b). Indeed, "Rule 15(b) applies only when the defendant has consented to trial of the non-pled factual issues and will not be prejudiced by amendment of the pleadings to include them." *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*, 80 F.3d 895 901 (4th Cir. 1996). The Rule creates "an exception to the general rules of pleading ... when the facts proven at trial differ from those alleged in the complaint, and thus support a cause of action that the claimant did not plead." *Id.* "Rule 15(b)(2) allows a party to move to amend the pleadings during or after trial to conform to the evidence presented when the evidence raises an unpleaded issue." *Richardson v. Mahon*, Civil Action No. 4:15-3317-MGL, 2019 WL 13240362, at *3 (D. S.C. July 8, 2019). Such an amendment must not prejudice the impliedly consenting party. *Dan Ryan Builders, Inc. v. Crystal Ridge Development, Inc.*, 783 F.3d 976, 983 (4th Cir. 2015) ("Rule 15(b)(2) requires that a party expressly or impliedly consent to trial on an unpled claim and not be prejudiced by doing so. Dan Ryan cannot satisfy the Rule's requirements.").

## III. ANALYSIS

Trainor seeks leave to amend under Fed. R. Civ. P. 15(b)(2) as the Declaratory Judgment and Anticipatory Breach claims had not yet matured into an actual breach of contract at the time

3

of the initial filing of the above-captioned case but had since done so once TDC paid Glagola and Glagola failed to distribute any of that payment to Trainor. (ECF No. 1, 95). In response to the Motion to Amend/Correct, Glagola raises three central arguments: (1) Glagola did not expressly or impliedly consent to the breach of contract claim; (2) the breach of contract evidence was necessarily raised by Count I and Count II; and (3) the allegations Trainor seeks to assert facts not offered at trial. (ECF No. 98 at 10-11).

> Regarding whether Glagola impliedly consented to an amended complaint, Trainor argues
>
> During opening statements, Glagola's counsel described this matter as a "breach of contract" case. During direct examination, Trainor's counsel asked Trainor whether he contends that Glagola's failure to pay Trainor a percentage of the money he received from TDC breached the Split Agreement. Glagola's counsel did not object to the question, which Trainor answered affirmatively. Trainor also testified, without objection, to the damages that he asks the Court to award for that breach. Indeed, the entire tenor of the trial and the evidence presented focused on whether Glagola had breached the Split Agreement.[4]
>
> (ECF No. 95 at 2).

In his response, Glagola relies on *Elmore v. Corcoran*, 913 F.2d 170, 172 (4th Cir. 1990). In *Elmore v. Corcoran*, the plaintiff sought to amend the complaint after trial under Rule 15(b)(2). *Id.* There, the plaintiff brought a 42 U.S.C. § 1983 claim arising from allegations of false arrest and false imprisonment. *Id.* at 171. The court held that the plaintiff failed to prove the false arrest claim but held the defendants liable on a separate, unpled due process issue to which some testimony offered at trial related. *Id.* at 172. After the defendants moved for a new trial, the court denied it and "acknowledged that the complaint did not explicitly predicate its prayer for relief on a violation of due process rights in terminating plaintiff's water." *Id.* (internal quotations omitted).

---

[4] Glagola counters, "It is otherwise absurd for Trainor to argue that testimony that Glagola breached the parties' Split Agreement is not relevant to the claims raised in his original Complaint, wherein he has already alleged that Glagola's refusal to split the money he received from Transwestern Development Company pursuant to this Court's judgment would be a breach of the Parties' Split Agreement." (ECF No. 97 at 10).

4

The court therefore "deemed the complaint to be amended to include the due process claim" and noted little prejudice to the defendants. *Id.* The Fourth Circuit reversed the decision, reasoning that not even plaintiff's counsel indicated an intent to amend the complaint before or during trial and consent could not be implied "solely from the introduction at trial of evidence relevant to [the plaintiff's] false arrest claim which also bore on the due process theory." *Id.* at 173. Moreover, in *Dan Ryan Builders v. Crystal Ridge Development*, the Fourth Circuit reiterated that "Rule 15(b) applies *only* when the defendant has consented to trial of the non-pled factual issues and will not be prejudiced by amendment of the pleadings to include them." *Dan Ryan Builders, Inc.*, 783 F.3d at 983. (emphasis in original). There, the Fourth Circuit held the defendant did not consent to a post-trial amendment when the plaintiff relied solely on its own statements about the theory of its case. *Id.* By contrast, in *Boshea v. Compass Marketing, Inc.*, this Court considered whether a breach of contract action could be amended to include a claim for breach of an oral contract upon the Court's grant of a new trial. *Boshea v. Compass Marketing, Inc.*, Civil No. ELH-21-309, 2024 WL 4732773, at *14 (D. Md. Nov. 8, 2024). On the issue of consent there, the Court held that the defendant did consent by implication because it had notice of the plaintiff's legal argument and never raised an objection to the facts underlying that legal claim arose during the course of the litigation. *Id.*

Here, the Court is not persuaded that Glagola expressly or impliedly consented to the proposed amendment in Trainor's Motion. To the contrary, Glagola has repeatedly opposed this amendment, and points to specific facts proposed in ECF No. 95-1 at ¶ 14 that were not offered at trial. (ECF No. 98 at 11). The Court recognizes Glagola's position that as in *Elmore*, the evidence offered at trial regarding a breach of contract bore on the Declaratory Judgment and Anticipatory

Breach claims.[5] *Elmore*, 913 F.2d at 173. It is also true that this scenario is not like that in *Boshea*, as Glagola has seemingly objected to this breach of contract amendment in each instance in which it has been raised.

However, the Court is persuaded that the issue before it is the type to which Rule 15(b) is intended to apply. *Dan Ryan Builders, Inc.*, 783 F.3d at 983. As Trainor points out, "The only 'issue not raised' by Trainor's original Complaint was that Glagola did, as anticipated, breach the Split Agreement. In other words, that the anticipated breach had, in fact, occurred." (ECF No. 95 at 2). In the Court's view, it would be nonsensical—and an inaccurate reflection of the testimony Trainor and Glagola offered at trial—to require Trainor to argue a theory of anticipatory breach or seek a declaratory judgment when all parties agree that TDC paid Glagola and Glagola did not subsequently pay a portion of those monies Trainor. As *Dan Ryan Builders* recognized, Rule 15(b)(2) amendments are proper when undisputed factual matters arise during trial and amending the pleadings to reflect those facts would not prejudice either party. *Dan Ryan Builders, Inc.*, 783 F.3d at 983. Of course, Glagola has had ample notice of the fact that TDC indeed paid him and that he did not subsequently pay Trainor throughout the course of this litigation. The Court therefore finds that a breach of contract theory, as opposed to the declaratory judgment/anticipatory breach theory, would not cause any prejudice to Glagola.

That said, Glagola's argument that the proposed amendment raises factual allegations in ECF No. 95-1 at ¶ 14 that were not offered at trial is well-taken. Without the ability to review the trial transcript, the Court is not prepared to permit the insertion of those particular factual allegations. Rather, in the interest of streamlining the litigation to the facts offered at trial, the

---

[5] Otherwise, *Elmore* is factually distinguishable. Though it is true that evidence offered that tends to support one legal theory does not necessitate a finding that the other party consented to an amended complaint, *Elmore* involved a court amending the pleadings *sua sponte* in order to hold the defendants liable. *Elmore*, 913 F.2d at 173.

Court permits Trainor to amend the legal basis upon which the case has been brought to a single Breach of Contract claim rather than claims seeking Declaratory Judgment and Anticipatory Breach of Contract relief, but will not allow the insertion of additional facts not otherwise introduced at trial.[6] Accordingly, the Court will not grant leave to amend the Complaint as drafted in ECF No. 95-1 but does grant leave to amend to the limited extent of collapsing the Declaratory Judgment and Anticipatory Breach Counts into a single Breach of Contract Count.

**CONCLUSION**

For the reasons stated herein, Trainor's Motion to Amend/Correct the Complaint (ECF No. 95) is GRANTED only to the extent it makes necessary changes to convert Counts I and II to a single breach of contract action. Trainor shall, however, not include any of the language proposed at ECF No. 95-1 at ¶ 14 introducing other facts or theories into the case. Otherwise, Trainor's Motion to Amen/Correct the Complaint is DENIED as to ECF No. 95-1 at ¶ 14.

Date: October 7, 2025                                /s/
                                          J. Mark Coulson
                                          United States Magistrate Judge

---

[6] The Court will permit the necessary factual insertions that underly the breach of contract claim like that Glagola collected on the judgment in his favor from TDC and failed to pay Trainor any percentage of that money.